UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LONG BAR POINTE, LLLP, et al.,

    Plaintiffs,

v.        CASE NO. 8:14-cv-2765-T-23AEP

MANATEE COUNTY,

    Defendant.
_____/

**ORDER**

    The defendant removed (Doc. 1) this action from the circuit court for Manatee County, and the plaintiffs move (Doc. 5) to remand. Under 28 U.S.C. § 1441, a defendant can remove only an action within the district court's original jurisdiction. The removing defendant must establish federal jurisdiction. *See Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 Fed. Appx 480, 481 (11th Cir. 2005).

    The parties agree that no federal jurisdiction exists over Count II, which claims that the defendant violated the takings clause of the Fifth and Fourteenth Amendments and the takings clause of Section 6(a), Article X, Florida Constitution. Under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), if a state provides an adequate procedure for just compensation for the taking of property, a property owner may not claim a violation of the federal takings clause until the owner has exhausted the state's procedure and the state with finality has denied just compensation. Because the plaintiffs have yet

to exhaust the procedure available under Florida law for a takings claim, the plaintiffs' federal claim is not ripe.

Count I, a substantive due process claim, arises from the same facts as Count II.  "[T]he *Williamson County* exhaustion requirement applies with full force to due process claims (procedural and substantive) when based on the same facts as a takings claim."  *Greenfield Mills, Inc. v. Macklin*, 631 F.3d 934, 961 (7th Cir. 2004); *Kurtz v. Verizon New York, Inc.*, 758 F.3d 506, 515 (2d Cir. 2014); *Batemen v. City of West Bountiful*, 89 F.3d 704, 709 (10th Cir. 1996).

Accordingly, the plaintiffs' motion (Doc. 5) to remand is **GRANTED IN PART**.  To the extent that Count I or II alleges a takings or "due process" claim under federal law, the claim is **DISMISSED**.  To the extent Counts I and II allege claims under state law, this action is **REMANDED** to the circuit court for Manatee County, Florida.  The plaintiffs' motion (Doc. 5) for an attorney's fee is **DENIED**.  The clerk is directed (1) to mail a certified copy of this order to the clerk of the circuit court for Manatee County, Florida, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on February 3, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE